UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

| | |
|---|---|
| JACQUELINE OLSON, Individually and on Behalf of All Others Similarly Situated,<br><br>        Plaintiff,<br>v.<br><br>ACCOUNT CONTROL SYSTEMS, INC.<br><br>        Defendant. | Case No.: 17-cv-1067<br><br>**CLASS ACTION COMPLAINT**<br><br>**Jury Trial Demanded** |

## INTRODUCTION

1. This class action seeks redress for collection practices that violate the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (the "FDCPA").

## JURISDICTION AND VENUE

2. The court has jurisdiction to grant the relief sought by the Plaintiff pursuant to 15 U.S.C. § 1692k and 28 U.S.C. §§ 1331 and 1337. Venue in this District is proper in that Defendant directed its collection efforts into the District.

## PARTIES

3. Plaintiff Jacqueline Olson is an individual who resides in the Eastern District of Wisconsin (Milwaukee County).

4. Plaintiff is a "consumer" as defined in the FDCPA, 15 U.S.C. § 1692a(3), in that Defendant sought to collect from her a debt allegedly incurred for personal, family or household purposes.

5. Defendant Account Control Systems, Inc. ("ACS") is a debt collection agency with its principal place of business located at 85 Chestnut Ridge Rd., Suite 113, Northvale, New Jersey 07647.

6. ACS is engaged in the business of a collection agency, using the mails and telephone to collect consumer debts originally owed to others.

7. ACS is engaged in the business of collecting debts owed to others and incurred for personal, family or household purposes. ACS is a debt collector as defined in 15 U.S.C. § 1692a.

**FACTS**

8. On or about September 9, 2016, ACS mailed a debt collection letter to Plaintiff regarding an alleged debt. Exhibit A.

9. Upon information and belief, the alleged debt that ACS was attempting to collect was a personal "store credit" account, used only for personal, family or household purposes, including purchases of home goods.

10. Upon information and belief, Exhibit A is a form letter, generated by computer, and with the information specific to Plaintiff inserted by computer.

11. Exhibit A lists the "ORIGINAL CREDITOR(S)" as "SEVENTH AVENUE." Exhibit A.

12. The "CURRENT CREDITOR(S)" field on Exhibit A is blank.

13. The identity of the "Current Creditor" is not specified elsewhere on Exhibit A. The letter only states that: "This account has been listed with our company for collection."

14. The reverse side of Exhibit A directs consumers to make checks and other payments payable to ACS:

2

> **MoneyGram ExpressPayment Instructions**
>
> 4. Money Gram "Express Payment"
>    Payable to : Account Control Systems
>    Receive Code : [3][0][9][8]
>    Account Number: _____  Attn: _____
>
> 5. Mail Check or Money order to:   ACS
>                                    85 Chestnut Ridge Rd, Suite 113
>    Please include your A.C.S.#     Montvale, NJ 07645

15. <u>Exhibit A</u> is confusing. The unsophisticated consumer would not have a clue who the actual current creditor is.

16. The name of the creditor must be stated in a non-confusing manner. *Gammon v. GC Servs. Ltd. Partnership*, 27 F.3d 1254, 1257 (7th Cir. 1994) ("The key consideration is 'that the unsophisticated consumer is to be protected against confusion whatever form it takes.'"); *Blarek v. Encore Receivable Mgmt.*, 2007 U.S. Dist. LEXIS 22549 at *3, 2007 WL 984096 (E.D. Wis. Mar. 27, 2007).

17. In general, false, misleading or confusing statements about the debt itself, or about the creditor's, debtor's, or debt collector's identities, rights or intentions, are all material. 15 U.S.C. §§ 1692e, 1692e(2)(a); *Hahn v. Triumph Partnerships LLC*, 557 F.3d 755, 757-58 (7th Cir. 2009).

18. Failure to clearly state the name of the creditor to whom the debt is owed is a material violation under 15 U.S.C. § 1692e.

19. Even the unsophisticated consumer (perhaps more so than the average consumer due to personal experience) is aware that debts, including defaulted credit card accounts, are regularly sold to bad debt buyers, who continue to collect on the debts.

20. The unsophisticated consumer would have no idea who currently owns the debt.

21. Debts are freely assignable. If Seventh Avenue has sold the debt to an unidentified debt buyer, payment to Seventh Avenue would not resolve the debt and the voluntary payment doctrine may make recovering those funds impossible or impractical.

22. Plaintiff was confused by Exhibit A.

23. The unsophisticated consumer would be confused by Exhibit A.

24. Plaintiff had to spend time and money investigating Exhibit A and the consequences of any potential responses to Exhibit A.

25. Plaintiff had to take time to obtain and meet with counsel, including traveling to counsel's office by car and its related expenses, including but not limited to the cost of gasoline and mileage, to advise Plaintiff on the consequences of Exhibit A.

26. The FDCPA creates substantive rights for consumers; violations cause injury to consumers, and such injuries are concrete and particularized. *Bock v. Pressler & Pressler, LLP*, No. 11-7593, 2017 U.S. Dist. LEXIS 81058 *21 (D.N.J. May 25, 2017) ("through [s]ection 1692e of the FDCPA, Congress established 'an enforceable right to truthful information concerning' debt collection practices, a decision that 'was undoubtedly influenced by congressional awareness that the intentional provision of misinformation' related to such practices, 'contribute[s] to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy,'"); *Quinn v. Specialized Loan Servicing, LLC*, No. 16 C 2021, 2016 U.S. Dist. LEXIS 107299 *8-13 (N.D. Ill. Aug. 11, 2016) (rejecting challenge to Plaintiff's standing based upon alleged FDCPA statutory violation); *Lane v. Bayview Loan Servicing, LLC*, No. 15 C 10446, 2016 U.S. Dist. LEXIS 89258 *9-10 (N.D. Ill. July 11, 2016) ("When a federal statute is violated, and especially when Congress has created a cause of action for its violation, by definition Congress has created a legally protected interest that it deems

important enough for a lawsuit."); *Church v. Accretive Health, Inc.*, No. 15-15708, 2016 U.S. App. LEXIS 12414 *7-11 (11th Cir. July 6, 2016) (same); *see also Mogg v. Jacobs*, No. 15-CV-1142-JPG-DGW, 2016 U.S. Dist. LEXIS 33229, 2016 WL 1029396, at *5 (S.D. Ill. Mar. 15, 2016) ("Congress does have the power to enact statutes creating legal rights, the invasion of which creates standing, even though no injury would exist without the statute," (quoting *Sterk v. Redbox Automated Retail, LLC*, 770 F.3d 618, 623 (7th Cir. 2014)). For this reason, and to encourage consumers to bring FDCPA actions, Congress authorized an award of statutory damages for violations. 15 U.S.C. § 1692k(a).

27. Moreover, Congress has explicitly described the FDCPA as regulating "abusive practices" in debt collection. 15 U.S.C. §§ 1692(a) – 1692(e). Any person who receives a debt collection letter containing a violation of the FDCPA is a victim of abusive practices. *See* 15 U.S.C. §§ 1692(e) ("It is the purpose of this subchapter to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses").

## COUNT I – FDCPA

28. Plaintiff incorporates by reference as if fully set forth herein the allegations contained in the preceding paragraphs of this Complaint.

29. The statement in Exhibit A listing the "Original Creditor" as "SEVENTH AVENUE," while the "Current Creditor" field is blank, renders Exhibit A as a whole confusing to the unsophisticated consumer.

30. The unsophisticated consumer would be confused as to who owns the alleged debt and which creditor is owed payment.

5

31. By failing to state the name of the creditor, Defendant misrepresented the "the character, amount, or legal status of any debt," in violation of 15 U.S.C. § 1692e(2)(a).

## CLASS ALLEGATIONS

32. Plaintiff brings this action on behalf of a Class, consisting of (a) all natural persons in the State of Wisconsin (b) who were sent a collection letter in the form represented by Exhibit A to the complaint in this action, (c) in which the "Current Creditor" field is blank, (d) seeking to collect a debt for personal, family or household purposes, (e) between August 2, 2016 and August 2, 2017, inclusive, (f) that was not returned by the postal service.

33. The Class is so numerous that joinder is impracticable. On information and belief, there are more than 50 members of the Class.

34. There are questions of law and fact common to the members of the class, which common questions predominate over any questions that affect only individual class members. The predominant common question is whether the Defendant complied with 15 U.S.C. § 1692e.

35. Plaintiff's claims are typical of the claims of the Class members. All are based on the same factual and legal theories.

36. Plaintiff will fairly and adequately represent the interests of the Class members. Plaintiff has retained counsel experienced in consumer credit and debt collection abuse cases.

37. A class action is superior to other alternative methods of adjudicating this dispute. Individual cases are not economically feasible.

## JURY DEMAND

38. Plaintiff hereby demands a trial by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and the Class and against Defendant for:

(a) actual damages;

(b) statutory damages;

(c) attorneys' fees, litigation expenses and costs of suit; and

(d) such other or further relief as the Court deems proper.

Dated: August 3, 2017

**ADEMI & O'REILLY, LLP**

s/ John D. Blythin
Shpetim Ademi (SBN 1026973)
John D. Blythin (SBN 1046105)
Mark A. Eldridge (SBN 1089944)
3620 East Layton Avenue
Cudahy, WI 53110
(414) 482-8000
(414) 482-8001 (fax)
sademi@ademilaw.com
jblythin@ademilaw.com
meldridge@ademilaw.com